**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DIANA MARTINEZ,**

      **Plaintiff,**

**v.**                                      **Case No. 1:20-cv-1062**

**WALMART STORES, INC.,**

      **Defendant.**

## NOTICE OF REMOVAL

Defendant Walmart Stores, Inc. ("Walmart" or "Defendant"), by and through its counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead & Kevin D. Pierce) hereby remove this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the State of New Mexico, County of Taos, Eighth Judicial District Court, to the United States District Court for the District of New Mexico. Defendant files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In support of this removal, Defendant states as follows:

    **I.**      **Introduction.**

      1.  On May 28, 2020, Plaintiff Diana Martinez filed a lawsuit against Walmart in the State of New Mexico, County of Taos, Eighth Judicial District Court, captioned as *Diana Martinez v. Walmart Stores, Inc.,* Case No. D-820-CV-2020-00165. A true and correct copy of the Complaint and all other documents filed in the Eighth Judicial District Court are attached hereto as **Exhibit A**.  Plaintiff served the Complaint on July 15, 2020.

1

2.   Plaintiff's Complaint alleges in pertinent part that Walmart failed to maintain the premises of the store in a safe condition and was negligent based on a display sign falling from the top of the "refrigerator rack" and striking Plaintiff on the "right side of her body." **Exhibit A**, Complaint, ¶¶ 13-14, 17-30. Plaintiff claims that as a result of the accident, she experienced injuries and suffered damages, and in the WHEREFORE paragraph of the Complaint states as her prayer for relief that she is seeking recovery of, "past and future medical expenses, lost wages, loss of economic and/or earning capacity, pain and suffering punitive damages, costs incurred, any additional incidental and/or consequential damages, and pre-judgment and post-judgment interest." Complaint at 4 (unnumbered WHEREFORE paragraph). The Complaint, including the WHEREFORE paragraph, is silent on the amount of damages Plaintiff seeks.

3.   On August 13, 2020 Walmart filed its Answer, its demand for an additional six jurors, and served Plaintiff with its First Set of Discovery. **Exhibit A**, Answer, Jury Demand (Additional 6), and Certificate of Service for Walmart's First Set of Discovery.

4.   On September 14, 2020, Plaintiff served her answers and responses to Walmart's first set of discovery. Although she failed to articulate specifically the amount of damages she seeks and did not respond to Walmart's Request for Admission No. 1 asking her to admit that she is seeking more than $75,000.00 in damages, exclusive interests and costs, in her responses to Walmart's Interrogatory Nos. 18-20 concerning Plaintiff's alleged damages she referred to and produced records that identify medical billings, expenses, and other alleged financial losses totaling over $264,000. **Exhibit B**, Plaintiff's Responses to Defendant's First Set of Interrogatories, Nos. 18-20 and Request for Admission to Plaintiff, No. 1 (highlighting in original), and Plaintiff's itemization of alleged financial losses produced with her discovery responses.[1]

---

[1] Walmart has not attached Plaintiff's medical billing records to this Notice of Removal, but Walmart will produce the medical billing records Plaintiff provided with her discovery responses to the Court if necessary for inspection.

5.   Removal of this action is timely pursuant to 28 U.S.C. § 1441 and §1446(b), as it is filed within 30 days of Walmart's receipt of documentation from which it can be ascertained that this case is removable. Walmart is the only named Defendant, and through the filing of this Notice of Removal indicates its consent to removal.

**II.** **The Procedural Requirements for Removal Have Been Satisfied.**

6.   The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Eighth Judicial District Court for Taos County, New Mexico, where this lawsuit was originally filed.  Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

7.   Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, Summons, and all other pleadings filed in the Eighth Judicial District are attached hereto as **Exhibit A**.

8.   Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Eighth Judicial District Court for Taos County, New Mexico.

**III.** **Removal Is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.**

9.   This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006).

**A.  Complete Diversity of Citizenship Exists Between the Parties.**

10. Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed."  *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th

Cir. 2011).  Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side."  *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965).

11. Upon information and belief, Plaintiff is, and was at the time this suit was filed, a citizen of the State of New Mexico.  **Exhibit A**, Complaint ¶ 1.

12. Defendant Walmart Stores, Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas. Accordingly, Wal-Mart Stores, Inc. is not a citizen of the State of New Mexico for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business.").

13. Thus, there is complete diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332.

**B.  The Amount in Controversy Requirement is Satisfied.**

14. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

15. Pursuant to 28 U.S.C. § 1446(b)(3), if the case is not removable based on the initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Pursuant to 28 U.S.C. § 1446(c)(3)(A), discovery responses are considered "other papers" under § 1446(b)(3) to show that the amount in controversy is above $75,000, triggering removal. 28 U.S.C. §

1446(c)(3)(A) ("…information relating to the amount in controversy…in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)").

16. Here, neither the face of Plaintiff's Complaint prays for a specific amount of damages. Plaintiff instead claims damages for ""past and future medical expenses, lost wages, loss of economic and/or earning capacity, pain and suffering punitive damages, costs incurred, any additional incidental and/or consequential damages, and pre-judgment and post-judgment interest." **Exhibit A,** Complaint at 4 (unnumbered WHEREFORE paragraph).

17. In her responses to Walmart's Interrogatory Nos. 18-20 concerning Plaintiff's alleged damages she referred to records that identify medical billings, expenses, and other alleged financial losses totaling over $264,000. **Exhibit B**, Plaintiff's Responses to Defendant's First Set of Interrogatories, Nos. 18-20 and Request for Admission to Plaintiff, No. 1 (highlighting in original), and Plaintiff's itemization of alleged financial losses produced with her discovery responses.[2] Plaintiff's itemization of alleged financial losses lists approximately $231,000 in alleged damages. *Id*. That amount alone satisfies the amount in controversy requirements. With regard to medical expenses, the records to which Plaintiff referred in her discovery responses list approximately $32,000 in medical expenses that Plaintiff ostensibly maintains are attributable to her alleged injuries in this case. "It is common in personal injury cases to settle on the basis of three times the medical expenses." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1207 (D.N.M. 2012). That amount, even on its own, would support finding that Plaintiff's alleged damages exceed the amount-controversy-requirement.   However, Plaintiff's Complaint also seeks punitive damages. **Exhibit A,** Complaint at 4 (unnumbered WHEREFORE paragraph). ""When a party

---

[2] Walmart has not attached Plaintiff's medical billing records to this Notice of Removal, but Walmart will produce the medical billing records Plaintiff provided with her discovery responses to the Court if necessary for inspection.

seeks punitive damages, 'applying a one-to-one ratio' is appropriate." *Aranda.*, 884 F. Supp. 2d at 1207.

18. While Walmart disputes Plaintiff's claims raised in her Complaint and her alleged damages, by her own sworn discovery responses, the amount in controversy requirement of 28 U.S.C § 1332(a) is satisfied, and this case is appropriate for removal.

## IV.   <u>Conclusion.</u>

19. Walmart has satisfied all requirements for removal and reserves the right to amend this Notice of Removal.

WHEREFORE, Walmart respectfully removes this action from the Eighth Judicial District Court, County of Taos, State of New Mexico, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: _/s/ Kevin D. Pierce_
   Megan T. Muirhead
   Kevin D. Pierce
   *Attorneys for Walmart Stores, Inc.*
   500 Fourth Street NW, Suite 1000
   Albuquerque, New Mexico  87102
   Telephone: 505-848-1800
   mmuirhead@modrall.com
   kdp@modrall.com

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for e-filing through the CM/ECF system for filing and service and e-mailed to the following counsel of record this __14th__ day of __October__, 2020:

> JoHanna C. Cox
> William McBride Legal Group, PA
> jcox@williammcbride.com
> *Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: _/s/ Kevin D. Pierce_____
    Kevin D. Pierce

Y:\dox\client\75301\0576\DRAFTS\W3858796.DOCX