FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
5/28/2020 8:18 AM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT

DIANA MARTINEZ,
     Plaintiff,

BLK

V

D-820-CV-2020-00165

_____

WALMART STORES, INC.,
     Defendant.

## **COMPLAINT**

*Jurisdiction, Venue, and Parties*

1. Plaintiff is a resident of Taos County, State of New Mexico.

2. Upon information and belief, Defendant, Walmart Stores, Inc., is licensed to do business in the State of New Mexico.

3. Upon information and belief, Defendant, Walmart Stores, Inc., ("Walmart") has a principal place of business in Arkansas.

4. Upon information and belief, on the date and at all times relevant in this Complaint, Defendant Walmart is self-insured.

5. All facts material to this matter occurred in Taos County, State of New Mexico.

6. This Court has subject matter jurisdiction over this case.

7. This Court has personal jurisdiction over the parties.

8. Venue is proper in this Court.

*Facts Common to All Counts*

9. On or about July 17, 2018, Plaintiff was shopping in the Taos location of Walmart.

**EXHIBIT A**

10. Plaintiff was permitted to be on the premises of Walmart.

11. Plaintiff was permitted to be shopping at the Walmart location.

12. When the incident occurred, Plaintiff was inside the Walmart location.

13. While she was shopping, a metal display sign fell from on top of the aisle rack and struck Plaintiff on the right side of her body.

14. The metal display sign fell from the top of the refrigerator rack.

15. The metal display sign fell because it was not mounted or secured properly.

16. Plaintiff suffered pain instantly after the metal display sign fell on her.

*Count 1: Negligence.*

17. For this paragraph, Plaintiff incorporates all the preceding paragraphs as if fully set forth herein.

18. Defendant owed a duty to patrons to properly secure signs on its premise.

19. This duty includes the metal display sign that was placed on top of a refrigeration unit on the date Plaintiff was shopping.

20. Defendant breached that duty by improperly securing the metal display sign.

21. Defendant caused damage to Plaintiff through the breach of Defendant's duty owed to customers.

22. Due to the actions of Defendants, jointly or severally, Plaintiffs have suffered damages in an amount to be proven at trial.

*Count 2: Premise Liability*

23. For this paragraph, Plaintiff incorporates all the preceding paragraphs as if fully set forth herein.

24. Defendant owed Plaintiff a duty to use ordinary care to keep its premises safe for use by visitors.

25. This duty extends to and includes visitors like Plaintiff.

26. This duty applies whether or not a dangerous condition is obvious.

27. This duty includes but is not limited to properly securing display signs like the one that fell on Plaintiff.

28. Plaintiff failed to maintain its premise is a safe manner.

29. This failure caused Plaintiff to be injured and harmed.

30. Plaintiff has suffered damages as a result of Defendant's failure to keep its premise safe.

*Count 3: Spoliation*

31. For this paragraph, Plaintiff incorporates all the preceding paragraphs as if fully set forth herein.

32. On or about August 2018, Plaintiff's counsel sent a request for all video evidence at the location of the accident.

33. At the time of the request in August 2018, Defendant should have known that a lawsuit was possible because of the injury suffered by Plaintiff.

34. As of the date of this Complaint, Defendant has failed to produce a copy of the video.

35. Upon information and belief, it is a regular business practice of Defendant to intentionally dispose of, destroy, mutilate or alter evidence known to be included in a claim against it.

36. This failure to promptly produce the video or preserve a copy of the video will impede Plaintiff's ability to prove her claim.

37. This action caused harm to Plaintiff.

38. Plaintiff has suffered damages in an amount to be proven at trial.

*Count 4: Vicarious Liability*

39. For this paragraph, Plaintiff incorporates all the preceding paragraphs as if fully set forth herein.

40. Walmart hires employees that do various duties within this location.

41. These duties include placement of display signs, like the one at issue, throughout the store's location.

42. Placement of these signs is part of an employee's duties with Walmart.

43. The placement of the sign was done while the employee was engaged in the Defendant's business or at the direction of Defendant.

44. The employee that placed the sign at issue failed to properly secure the sign on top of the refrigeration unit.

45. Defendant is liable for its employee's failure to properly secure the display sign.

46. The placement of the sign by the employee caused harm to Plaintiff.

47. Plaintiff suffered damages in an amount to be proven at trial.

*Prayer for Relief*

WHEREFORE, Plaintiff prays the Court to award the following:
- Past and future medical expenses for Plaintiff;
- Lost wages for Plaintiff;
- Loss of economic and/or earning capacity for Plaintiff;
- Pain and suffering for Plaintiff;
- Punitive damages for Plaintiff;
- Costs incurred by Plaintiff;
- Any additional incidental and/or consequential damages for Plaintiff;
- Pre-judgment and post-judgment interest at the statutory rate for all Plaintiff;
- Any further relief the Court deems just and proper for either or any Plaintiff.

Respectfully submitted,

Electronically Signed
/s/ JoHanna C. Cox
JoHanna C. Cox
William McBride Legal Group, PA
2155 Louisiana Blvd, Ste 2200
Albuquerque, NM 87110
Email: jcox@williammcbride.com
*Attorney for Plaintiff.*

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT

DIANA MARTINEZ,
    Plaintiff,

V

WALMART STORES, INC.,
    Defendant.

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
5/28/2020 8:18 AM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

BLK

D-820-CV-2020-00165

## **JURY DEMAND**

COME NOW Plaintiff by and through her attorney, and hereby demands a jury consisting

of six (6) members in the above-entitled cause of action.

Respectfully submitted,

Electronically Signed
*/s/ JoHanna C. Cox*
JoHanna C. Cox
William McBride Legal Group, PA
2155 Louisiana Blvd, Ste 2200
Albuquerque, NM 87110
Email: jcox@williammcbride.com
*Attorney for Plaintiff.*

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
7/15/2020 1:23 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK
FXR

## SUMMONS

| Eighth Judicial District Court | Case Number: D-820-CV-2020-00165 |
| Taos County, New Mexico | |
| 105 Albright St Ste N | |
| Taos, NM 87571 | Judge: Emilio J. Chavez |
| Court Telephone No.: 575.758.3173 | |
| DIANA MARTINEZ, | Defendant Name: |
|     Plaintiff, | Walmart |
| | |
| V | 702 SW 8th St |
| | Bentonville, AK 72716 |
| WALMART STORES, INC., | |
|     Defendant. | |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.    A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.    You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

TAOS
Name of County

6/16/2020
Date

Lauran M. Felts-Salazar, Clerk of the Court

/s/ *Homero*

**Signature of Clerk**

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

Respectfully submitted,

Electronically Signed

*/s/ JoHanna C. Cox*

JoHanna C. Cox

PMB #251

5901 J Wyoming Blvd NE

Albuquerque, NM 87109

Phone: 505.596.1930

Fax: 505.214.5674

Email: johanna@johannacoxlaw.com

*Attorney for Plaintiff.*

**RETURN** [1]

STATE OF NEW MEXICO )
                                             )ss
COUNTY OF Bernalillo )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in __Bernalillo__ County on the _15th_ day of _July_____, _2020___, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]   to the defendant _Walmart Stores Inc_ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[✓]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____*(used when the defendant is not presently at place of abode )* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of this summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing  by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ *(used when defendant is a minor or an incompetent person).*

[ ]   to _____, (name of person), _____, *(title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of Person making service

_____
Title *(if any)*

Subscribed and sworn to before me this __15__ day of __July__ , 2020 [2]

_____
Judge, notary or other officer
Authorized to administer oaths

_____
Official title

OFFICIAL SEAL
TIFFANY STEVENSON
Notary Public State of New Mexico
My Commission Expires 4/19/202

## USE NOTE

1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
8/13/2020 3:25 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

BLK

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT

DIANA MARTINEZ,

     Plaintiff,

v.                                D-820-CV-2020-00165

WALMART STORES, INC.

     Defendant.

## DEFENDANT WAL-MART STORES, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Walmart Stores, Inc. ("Wal-Mart" or "Defendant"), by and through its counsel,

Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead and Kevin D. Pierce), hereby

answers Plaintiff's Complaint as follows:

1.   Wal-Mart is without sufficient information to form a belief as to the truth of the allegations
contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies them.

2.   With regard to the allegations in Paragraph 2 of the Complaint, Wal-Mart states that Wal-Mart Stores East, L.P. owns and operates the store at issue in Plaintiff's Complaint and that Wal-Mart Stores East, L.P. is authorized to do business in the State of New Mexico.

3.   With regard to the allegations in Paragraph 3 of the Complaint, Wal-Mart states that Wal-Mart Stores East, L.P. owns and operates the store at issue in Plaintiff's Complaint and that Wal-Mart Stores East, L.P. is a Delaware limited partnership that is registered to and does business in the State of New Mexico.

4.   With regard to the allegations in Paragraph 4 of the Complaint, Wal-Mart admits that with respect to the types of claims asserted in this case Wal-Mart is self-insured.

5.  With regard to the allegations in Paragraph 5 of the Complaint, Wal-Mart admits that the incident at issue in the Complaint is alleged to have occurred in Taos County, State of New Mexico, but to the extent Plaintiff alleges that other facts are material to this matter Wal-Mart is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

6.  Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart does not contest subject matter jurisdiction at this time but reserves its right to do so.

7.  Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart does not contest personal jurisdiction at this time but reserves its right to do so.

8.  Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart does not contest venue at this time but reserves its right to do so.

## ALLEGED FACTS COMMON TO ALL COUNTS

9.  Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies them.

10. The allegations in paragraph 10 of the Complaint are confusing, vague and ambiguous with respect to the word, "permitted."  Wal-Mart does not dispute that its facility was open to members of the public including Plaintiff but denies that "permits" are issued with respect to entering its facility.

11. The allegations in paragraph 11 of the Complaint are confusing, vague and ambiguous with respect to the word, "permitted."  Wal-Mart does not dispute that its facility was open to

members of the public including Plaintiff but denies that "permits" are issued with respect to entering its facility.

12. In response to the allegations in paragraph 12 of the Complaint, Wal-Mart admits the incident in Plaintiff's Complaint is alleged to have occurred while Plaintiff was inside the store.

13. With regard to the allegations in Paragraph 13 of the Complaint, Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies them.

14. Wal-Mart admits the allegations in Paragraph 14 of the Complaint.

15. With regard to the allegations in Paragraph 15 of the Complaint, Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies them.

16. With regard to the allegations in Paragraph 16 of the Complaint, Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies them.

## COUNT 1: ALLEGED NEGLIGENCE

17. With respect to Paragraph 17 of the Complaint, Wal-Mart incorporates all of its answers, statements, and defenses to the allegations in the preceding paragraphs as if set forth fully herein.

18. Paragraph 18 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

19. Paragraph 19 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

20. Wal-Mart denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Wal-Mart denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. The allegations in Paragraph 22 of the Complaint are vague and ambiguous in their reference to multiple "Defendants" and to multiple "Plaintiffs." Wal-Mart is thus without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies them.

## COUNT 2: ALLEGED PREMISE LIABILITY

23. With respect to Paragraph 23 of the Complaint, Wal-Mart incorporates all of its answers, statements, and defenses to the allegations in the preceding paragraphs as if set forth fully herein.

24. Paragraph 24 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

25. Paragraph 25 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

26. Paragraph 26 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

27. Paragraph 27 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

28. Paragraph 28 of the Complaint is vague and ambiguous in its reference to "Plaintiff." Wal-Mart assumes that the allegation is directed at Wal-Mart and will respond accordingly. Wal-Mart denies the allegations in Paragraph 28.

29. Wal-Mart denies the allegations in Paragraph 29 of the Complaint..

30. Wal-Mart denies the allegations in Paragraph 30 of the Complaint..

## COUNT 3 – ALLEGED SPOLIATION

31. With respect to Paragraph 31 of the Complaint, Wal-Mart incorporates all of its answers, statements, and defenses to the allegations in the preceding paragraphs as if set forth fully herein.

32. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore denies them.

33. With regard to the allegations in Paragraph 33 of the Complaint, Wal-Mart admits that it received a letter of representation from Plaintiff's counsel and was therefore aware that a lawsuit was possible, but Wal-Mart denies the remaining allegations in Paragraph 33.

34. With regard to the allegations in Paragraph 34 of the Complaint, Wal-Mart denies that it had any duty to produce video pre-litigation but states that it will do so during the course of discovery in this case.

35. Wal-Mart denies the allegations in Paragraph 35 of the Complaint.

36. With regard to the allegations in Paragraph 36 of the Complaint, Wal-Mart denies that it had any duty to promptly produce a copy of the video and denies the remaining allegations in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint is vague and ambiguous in its reference to "this action." Wal-Mart is thus without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint, and therefore denies them.

38. Wal-Mart denies the allegations in paragraph 38 of the Complaint.

### COUNT 4 – ALLEGED VICARIOUS LIABILITY

39. With respect to Paragraph 39 of the Complaint, Wal-Mart incorporates all of its answers, statements, and defenses to the allegations in the preceding paragraphs as if set forth fully herein.

40. Wal-Mart admits the allegations in Paragraph 40 of the Complaint.

41. Wal-Mart admits the allegations in Paragraph 41 of the Complaint to the extent placement of display signs constitutes part of a particular employee's job responsibilities.

42. With regard to the allegations in Paragraph 42, Wal-Mart denies that placement of display signs constitutes part of every employee's job responsibilities, but admits that certain employees are responsible for placement of display signs.

43. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and therefore denies them.

44. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore denies them.

45. Paragraph 45 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart is without sufficient information

to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint, and therefore denies them.

46. Wal-Mart denies the allegations in Paragraph 46 of the Complaint..

47. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint, and therefore denies them.

48. Wal-Mart expressly and affirmatively denies all allegations not expressly admitted herein, including Plaintiff's claims for relief in the unnumbered WHEREFORE paragraph at the end of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed or denied for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

As a further, separate, and alternative defense, Wal-Mart states that to the extent that Plaintiff has suffered any damage or injury, which Wal-Mart expressly denies, Plaintiff and/or third parties over whom Wal-Mart is not responsible proximately caused and are liable for any such injury or damage.

### THIRD DEFENSE

As a further, separate, and alternative defense, Wal-Mart states that to the extent that Plaintiff has suffered any damages, which Wal-Mart expressly denies, Plaintiff failed to mitigate her damages.

**FOURTH DEFENSE**

As a further, separate, and alternative defense, Wal-Mart states that to the extent that it is liable for any alleged damage or injury, which Wal-Mart expressly denies, the negligence and fault of persons and entities other than Wal-Mart (whether or not parties to this action) were a proximate cause of Plaintiff's alleged injury and damages, and any recovery that might otherwise ensue must either be barred or reduced accordingly under the doctrine of comparative negligence and fault.

**FIFTH DEFENSE**

As a further, separate, and alternative defense, Wal-Mart states that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to meet her common law and statutory duties to exercise reasonable care for her own safety.

**SIXTH DEFENSE**

As a further, separate and alternative defense, Wal-Mart states that upon information and belief, some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions of Plaintiff, by an idiosyncratic reaction, operation of nature, or act of God, for which Wal-Mart is not responsible.

**SEVENTH DEFENSE**

As a further, separate, and alternative defense, Wal-Mart states that the clams of Plaintiff are barred, and/or her damages should be apportioned, to the extent the alleged injuries claimed by Plaintiff are the proximate result of Plaintiff's pre-existing condition and/or subsequent injury.

**EIGHTH DEFENSE**

As a further, separate and alternative defense, Wal-Mart is entitled to set-off/off-set any damages awarded against it by amounts claimant recovered or received, or will receive, with respect to the same injuries/damages claimed in this lawsuit or related lawsuits.

**NINTH DEFENSE**

No award of punitive damages can be made to Plaintiff because, among other things:

a.      Such an award of punitive damages would amount to a deprivation of Defendant's property without due process of law, in violation of the provisions of the United States and New Mexico Constitutions, and would otherwise violate due process.

b.      No legislation has been passed authorizing punitive damages in civil actions such as this or placing any limit on the amount of punitive damages actually recoverable in such actions.

c.      The criteria which would be used in determining whether punitive damages could be awarded are impermissibly vague, imprecise and inconsistent, and therefore violate the due process provisions of the United States and New Mexico Constitutions.

d.      An award of punitive damages in this civil action would amount to an excessive fine, in violation of the provisions of the United States and New Mexico Constitutions.

e.      An award of punitive damages, which allows consideration of the relative financial positions of the parties, violates the due process provisions of the United States and New Mexico Constitutions.

f.      An award of punitive damages in this action would violate the equal protection clauses of the United States and New Mexico Constitutions and would constitute cruel and unusual punishment in violation of the provisions of those constitutions.

## RESERVATION OF RIGHTS

Wal-Mart hereby gives notice that it intends to rely upon such other defenses, available under the applicable state laws or federal laws, as may become available or apparent during the course of discovery in this case or otherwise, and hereby reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered the Complaint, Wal-Mart respectfully requests that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, that judgment be entered in favor of Wal-Mart to recover its costs and such other further relief as the Court deems just and proper.

Respectfully submitted,

MODRALL SPERLING ROEHL HARRIS & SISK, P.A.

By: _/s/ Kevin D. Pierce_
    Megan T. Muirhead (mmuirhead@modrall.com)
    Kevin D. Pierce (kdp@modrall.com)
    500 Fourth Street NW, Suite 1000
    P. O. Box 2168
    Albuquerque, NM 87103-2168
    (505) 848-1800
    Fax (505) 848-9710
    *Attorneys for Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2020 I filed the foregoing electronically and served all parties of record via the Court's Odyssey File & Serve System, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>    JoHanna C. Cox
>    William McBride Legal Group, PA
>    jcox@williammcbride.com
>    *Attorneys for Plaintiff*

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By:     */s/ Kevin D. Pierce*
        Kevin D. Pierce

W3804664.DOCX

11

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
8/13/2020 3:25 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT

DIANA MARTINEZ,                                                                                    BLK

        Plaintiff,

vs.                                                No. D-820-CV-2020-00165

WALMART STORES, INC.,

        Defendant.

**DEFENDANT WALMART STORES, INC.'S TWELVE PERSON JURY DEMAND**

Defendant Walmart Stores, Inc. ("Wal-Mart"), by and through its counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A., hereby demands trial by jury of an additional six (6) jurors for a total of twelve (12) jurors in the above entitled and numbered cause on all legal issues so triable.  With this request, Wal-Mart tenders to the Clerk of the Court the sum of $150.00. On or about May 28, 2020, Plaintiff demanded a six-person jury and, upon information and belief, tendered the related fee of $150.00.

                        MODRALL, SPERLING, ROEHL, HARRIS
                        & SISK, P.A.

                        By:  */s/ Kevin D. Pierce*
                            Megan T. Muirhead
                            Kevin D. Pierce
                            Post Office Box 2168
                            500 Fourth Street NW, Suite 1000
                            Albuquerque, New Mexico  87103-2168
                            Telephone: 505.848.1800
                            mtm@modrall.com
                            kdp@modrall.com
                            *Attorneys for Defendant Walmart Stores, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to counsel of record via the Court's Odyssey File & Serve System and by e-mail this 13th day of August, 2020:

JoHanna C. Cox
William McBride Legal Group, PA
jcox@williammcbride.com
*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Kevin D. Pierce*
Kevin D. Pierce

W3804652.DOCX

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
8/13/2020 3:34 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

DG

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT

DIANA MARTINEZ,

     Plaintiff,

v.                                                                     D-820-CV-2020-00165

WALMART STORES, INC.

     Defendant.

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that Defendant Wal-Mart Stores, Inc.'s First Set of Interrogatories,

Requests for Production, and Requests for Admission to Plaintiff along with this Certificate of

Service was served on Plaintiff's counsel via the Court's Odyssey File and Serve System on

August 13, 2020, as follows:

     JoHanna C. Cox
     William McBride Legal Group, PA
     jcox@williammcbride.com
     *Attorneys for Plaintiff*

          MODRALL, SPERLING, ROEHL, HARRIS
           & SISK, P.A.

          By: */s/ Kevin D. Pierce*
           Megan T. Muirhead
           Kevin D. Pierce
           Post Office Box 2168
           500 Fourth Street NW, Suite 1000
           Albuquerque, New Mexico  87103-2168
           Telephone: 505.848.1800
           mtm@modrall.com
           kdp@modrall.com
           *Attorneys for Defendant Walmart Stores, Inc.*

W3808982.DOCX

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
9/14/2020 4:46 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

BLK

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

Diana Martinez
    Plaintiff.

V                                                                    D-820-CV2020-00165

WALMART STORES, INC,
    Defendants.

## <u>CERTIFICATE OF SERVICE</u>

    COMES NOW Plaintiff by and through her attorneys of record, JoHanna C. Cox (William

McBride Law Group, P.A.) states that on June 19, 2020, she provided Defendant, WALMART

STORES, INC, with Plaintiffs' First Requests Admission, via electronic mail. This Certificate of

Service was served on Defendants through the Court's efiling system.

                           Respectfully Submitted,

                           *<u>Electronically Signed, JoHanna C. Cox</u>*
                           JoHanna C. Cox
                           William McBride Legal Group, P.A.
                           2155 Louisiana Blvd, Ste 2200
                           Albuquerque, NM 87110
                           Ph: 505.338.6945
                           Em: jcox@williammcbride.com
                           *Attorney for Plaintiff.*

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
9/25/2020 3:07 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

FXR

STATE OF NEW MEXICO
COUNTY OF SANTA FE
EIGHTH JUDICIAL DISTRICT COURT

DIANA MARTINEZ,
     Plaintiff,

V                                      D-820-CV-2020-00165

WALMART STORES, INC.,
     Defendant.

## REQUEST FOR HEARING

1. Assigned Judge:  Honorable Emilio J. Chavez _____ _____

2. Type of Case: Tort Auto __ _____

3. Jury:_ X ___   Non-Jury:_____

4. Dates of hearing presently set: None_____

5. Specific matter to be heard upon this request: Scheduling Conference _____

6. Estimated total time required: 30 Minutes__ _____

7. Please allow all parties to appear telephonically.

Attached separate sheet listing names, addresses, and telephone numbers of all counsel and parties pro se entitled to notice.

Respectfully submitted,
By __ /s/ JoHanna C. Cox
JoHanna C. Cox, Esq.
WILLIAM MCBRIDE LAW GROUP, P.A.
*Attorney for Plaintiff*
2155 Louisiana Boulevard NE, Suite 2200
Albuquerque, NM 87110
Telephone: (505) 338-6945
JCox@williammcbride.com

***ALL PARTIES ENTITITLE TO NOTICE:***

JoHanna C. Cox
WILLIAM MCBRIDE LAW GROUP, P.A.
2155 Louisiana Boulevard NE, Suite 2200
Albuquerque, NM 87110
Telephone: 505.338.6943
*Attorneys for Plaintiff.*

Megan T. Muirhead
Kevin D. Pierce
MODRALL SPERLING ROEHL HARRIS & SISK, PA
500 Fourth Street NW, Suite 1000
P.O. Box 2168
Albuquerque, NM 87103-2168
Telephone: 505.848.1800
*Attorneys for Wal-Mart Stores, Inc..*


 */s/ JoHanna C. Cox*
JoHanna C. Cox