IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA MARTINEZ,

        Plaintiff,

vs.                                                                          1:20-cv-01062-SCY-LF

WALMART STORES, INC.,

        Defendant.

**ORDER ADMONISHING ATTORNEY JOHANNA COX**
**AND QUASHING ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on the Court's Order to Show Cause and Order to Submit Settlement Demand. Docs. 26, 27. On June 24, 2021, the Court issued an order to show cause to attorney JoHanna Cox because of her failure to comply with the Court's order to serve defense counsel a settlement demand letter no later than June 10, 2021. Doc. 26. Ms. Cox was ordered, no later than June 28, 2021, to show good cause as to why she should not be sanctioned and found in contempt for violating the Court's order. *Id*. The order also reminded Ms. Cox that her settlement statement was due to chambers that same day, June 24, 2021, and that failure to submit her settlement statement to chambers could result in another order to show cause and possible sanctions. *Id.*

Ms. Cox did not file a response to the order to show cause on the docket. She did, however, submit her settlement statement to chambers on June 27, 2021[1]—three days after the deadline set by the Court. In her email accompanying her settlement statement, Ms. Cox stated that she had failed to calendar the June 10, 2021 deadline for submitting a settlement demand to

---

[1] In its June 28, 2021 Order to Submit Settlement Demand, the Court mistakenly said Ms. Cox submitted her settlement statement on June 28, 2021. Doc. 27.

opposing counsel. Defendant's counsel, however, advised the Court in his settlement materials that he emailed plaintiff's counsel on June 11, 2021 to inquire about the missing settlement demand letter, but he never received a response. Ms. Cox offers no explanation of why she did not promptly respond to defense counsel on June 11, 2021 once her error was brought to her attention. The only explanation Ms. Cox offered for not promptly sending the demand letter once the Court issued the order to show cause on June 24, 2021 was that she had been out of her office "the past several days."

Ms. Cox's repeated failures to comply with the Court's order, even when brought to her attention by opposing counsel and the Court, resulted in the Court issuing an Order to Submit Settlement Demand on June 28, 2021. Doc. 27. The Court noted in that order that Ms. Cox had "failed to show good cause for her continued failure to comply with the Court's order." *Id*. at 2. The Court ordered Ms. Cox to submit a settlement demand to defendant no later than noon on Tuesday, June 29, 2021, and to submit a copy of this demand letter to the Court. Ms. Cox complied with this deadline.

The Court finds that Ms. Cox has not shown good cause for her repeated failures to comply with deadlines. The Court is aware that people make mistakes and that calendaring errors can occur. However, the proper recourse when a calendaring error occurs is to promptly notify opposing counsel and the Court, and to remedy the error as soon as possible. Here, conversely, instead of acknowledging her error and promptly remedying it, Ms. Cox failed to submit a settlement demand to opposing counsel—despite an email from opposing counsel about the missed deadline, and despite the first order to show cause issued by the Court. In addition, Ms. Cox offered no explanation to the Court as to why her settlement statement was submitted to chambers three days late.

3

The Court will quash the Order to Show Cause. Doc. 26. However, the Court admonishes Ms. Cox on the record for her failure to comply with the Court's orders. In future, Ms. Cox is expected to comply with all Court orders and deadlines. Failure to either comply with deadlines, or to show good cause for failure to do so, could result in sanctions.

_____
Laura Fashing
United States Magistrate Judge